## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ELISA SALCEDO,** | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No.** 3:19-cv-137 |
| **vs.** | § | |
| | § | |
| **ALBERTSON'S LLC, and** | § | **JURY** |
| **CHARLES LEVI LOUCKS,** | § | |
| *Defendant* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Charles Levi Loucks' ("Defendant" or "Loucks") files this Notice of Removal and respectfully shows:

### Commencement and Service

1. On February 28, 2019, Plaintiff Elisa Salcedo commenced this action by filing an Original Petition in the 41st Judicial District Court of El Paso County, Texas. The state court case is styled Cause No. 2019DCV0730; *Elisa Salcedo v. Albertson's LLC and Charles Levi Loucks* ("the State Court Lawsuit").[1]

2. The State Court Lawsuit was served on Defendant Charles Levi Loucks on April 23, 2019. [2]

3. Defendant Loucks timely answered the State Court Lawsuit on May 17, 2019.[3]

---

[1] *See **Exhibit A**,* Plaintiff's Original Petition with Return of Service.

[2] *Id.*

[3] *See **Exhibit A**,* Defendants' Original Answer.

4.     This Notice of Removal is filed within thirty days of the receipt of service of process and is timely filed under 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(b).

## Grounds for Removal

5.     Removal from the State Court Lawsuit to this Court is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00, and the proper parties contain diverse citizenship.

## Improper Joinder of Defendant[4]

6.     Plaintiff improperly and/or fraudulently pleaded jurisdictional facts against Defendant Loucks for the purpose of attempting to undermine diversity jurisdiction between the proper parties.

7.     This case involves a workplace injury allegedly sustained by Plaintiff at Defendant Albertson's LLC's grocery store in El Paso, Texas. Specifically, Plaintiff alleges in her petition in the State Court Lawsuit that on or about December 23, 2017 she "got injured when she entered the freezer to retrieve some items from a shelf" and a "box of shrimp fell from the top shelf and hit her on the head."[5]

---

[4]     "A non-diverse defendant may remove a case based on improper joinder." *See generally*, *Stegall v. Casillas,* 2016 WL 6397668 at *3, Civil Action No. 2:16-CV-381 (S.D. Tex. 2016) (citing *Moreno Energy, Inc., v. Marathon Oil Co.,* 884 F.Supp.2d 577, 588 (S.D. Tex. 2012)).

[5]     *See **Exhibit A***, Plaintiff's Original Petition, §III.

8.      There is no allegation in the State Court Lawsuit that Defendant Loucks caused the box to fall. In fact, Loucks was not even in the walk-in freezer at the time of the alleged incident.[6] He did not witness the incident or play any role in it.[7] Likewise, Loucks had not touched or interacted with the box at issue prior to Plaintiff's alleged incident.[8] To Loucks' knowledge, Plaintiff herself would have been the person who stocked the box at issue.[9] Loucks did not have supervisory authority over Plaintiff at the time of the incident.[10] Loucks is not aware of any dangerous conditions that existed in the seafood department of Defendant Albertson's LLC's grocery store on December 23, 2017.[11]

9.      Loucks did not commit any of the acts or omissions alleged by the Plaintiff in the State Court Lawsuit. Accordingly, Plaintiff had not alleged a viable cause of action against Loucks, as Plaintiff has failed to assert Loucks possessed any duty, much less breached any duty, owed to Plaintiff on the date of the alleged incident. Stated differently, in light of the State Court Lawsuit petition, there is no possibility of recovery by Plaintiff against Loucks in his individual capacity because Plaintiff failed to allege Loucks owed her "an independent duty of care apart from her

---

[6]      *See Exhibit C*, ¶ 3, Affidavit of Defendant Charles Levi Loucks.

[7]      *Id.*

[8]      *Id.*

[9]      *Id.*

[10]      *Id.* at ¶ 2.

[11]      *Id.* at ¶ 3.

employer's duty; therefore, Texas law precludes a finding of individual liability" against Loucks.[12]

10.     Because Loucks had no involvement with the alleged incident and because a proper cause of action was not—and cannot—be asserted against Loucks in his individual capacity, Plaintiff fraudulently and/or improperly joined Loucks.

## Diversity of Citizenship

11.     This matter involves a case with complete diversity of citizenship between Plaintiff and Defendant Albertson's LLC ("Defendant Albertson's").

12.     Plaintiff is a citizen of El Paso County, Texas.[13]

13.     Defendant Albertson's LLC is a Delaware corporation with its principal place of business in Boise, Idaho.[14] Defendant Albertson's LLC is wholly owned by Albertsons Companies, Inc. Accordingly, the sole member of Albertson's LLC is Albertsons Companies, Inc., a Delaware corporation with its principal office and principal place of business in Boise, Idaho.

14.     Defendant Loucks has been improperly named in the State Court Lawsuit and his citizenship should be disregarded for diversity jurisdiction purposes.

15.     Thus, there is complete diversity of citizenship between the proper parties.

---

[12]     *See* **Exhibit F**, Order Denying Motion to Remand in Case No. EP-14-CV-175-PRM, *Abundio Rodriguez v. Home Depot U.S.A., Inc. and Martha Morales*, in the United States District Court for the Western District of Texas, El Paso Division.

[13]     *See* ***Exhibit A***, Plaintiff's Original Petition, §II.

[14]     *See* ***Exhibit B***, Affidavit of Claims Oversight Manager for Defendant Albertson's LLC, Pat Leo.

## Amount in Controversy

16.     There is more than $75,000 in controversy. Per her Petition, Plaintiff seeks more than $200,000 but less than $1,000,000 in damages.[15]

## Venue

17.     Venue lies in the Western District of Texas, El Paso Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the action in this judicial district and division.

## Notice

18.     Defendant Loucks will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendant Loucks will also file with the clerk of the state court and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## Consent of Defendant Albertson's

19.     Though Defendant Loucks will provide proper notice to Plaintiff and Defendant Albertson's, Defendant Albertson's consents to removal, including this notice, pursuant 28 U.S.C. § 1446.[16]

## Exhibits to Notice of Removal

20.     In support of this Notice of Removal and pursuant to 28 U.S.C. §1446(a), true and correct copies of the following documents are attached to this Notice as corresponding lettered exhibits:

---

[15]     *See **Exhibit A***, Plaintiff's Original Petition, §VIII.

[16]     *See **Exhibit B***, Affidavit of Claims Oversight Manager for Defendant Albertson's LLC, Pat Leo.

A. All pleadings, process, orders, and all other filings in the State Court Lawsuit – ***Exhibit A***

B. Affidavit of  Claims Oversight Manager Defendant Albertson's, Pat Leo – ***Exhibit B***

C. Affidavit of Defendant Charles Levi Loucks – ***Exhibit C***

D. A list of all attorneys of record, including addresses, telephone numbers and parties represented – ***Exhibit D***

E. Notice of Filing Removal in State Court – ***Exhibit E***

F. Case law for Court's reference:  Order Denying Motion to Remand in Case No. EP-14-CV-175-PRM, *Abundio Rodriguez v. Home Depot U.S.A., Inc. and Martha Morales*, in the United States District Court for the Western District of Texas, El Paso Division – ***Exhibit F***

## Prayer

WHEREFORE, Defendant Loucks, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the District Court of El Paso County, Texas to this Court.

Respectfully submitted,

By:   **/s/ Karl Seelbach**
Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com

Trek Doyle
State Bar No. 00790608
trek@doyleseelbach.com

Jasmine Harding
State Bar No. 24101865
jasmine@doyleseelbach.com

Doyle & Seelbach PLLC
7700 W. Highway 71, Suite 250
Austin, Texas 78735
512.960.4890 Phone
512.960.4893 Fax
doyleseelbach.com



*ATTORNEYS FOR DEFENDANTS*

<u>**CERTIFICATE OF SERVICE**</u>

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by fax and electronic delivery to counsel identified below on this, the 21st day of May, 2019.

Tiffany N. Joudi
Scherr & Legate, PLLC
109 North Oregon, 12th Floor
El Paso, TX 79901
915.544.0100 Telephone
915.532.1759 Fax
tjoudi@scherrlegate.com

*Attorneys for Plaintiff*