**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ELISA SALCEDO,** | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. _____** |
| **vs.** | § | |
| | § | |
| **ALBERTSON'S LLC, and** | § | |
| **CHARLES LEVI LOUCKS,** | § | |
| *Defendant* | § | |

**INDEX OF MATTERS BEING FILED**

| TAB | DATE | DOCUMENT |
|---|---|---|
| 1 | n/a | Case Summary (Docket Sheet) |
| 2 | 02/28/19 | Plaintiff's Original Petition with Request for Admissions, Interrogatories, Request for Production |
| 3. | 02/28/19 | Jury Request |
| 3 | 04/11/19 | Citation |
| 4. | _____ | Return of Service – Loucks |
| 5. | _____ | Return of Service – Albertson's LLC |
| 5. | 05/17/19 | Defendants' Original Answer |

**EXHIBIT A**

Respectfully submitted,

By: ___/s/ Karl Seelbach___
Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com

Trek Doyle
State Bar No. 00790608
trek@doyleseelbach.com

Jasmine Harding
State Bar No. 24101865
jasmine@doyleseelbach.com

Doyle & Seelbach PLLC
7700 W. Highway 71, Suite 250
Austin, Texas 78735
512.960.4890 Telephone
doyleseelbach.com



*ATTORNEYS FOR DEFENDANTS*

**CERTIFICATE OF SERVICE**

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by fax and electronic delivery to counsel identified below on this, the 21st day of May, 2019.

Tiffany N. Joudi
Scherr & Legate, PLLC
109 North Oregon, 12th Floor
El Paso, TX 79901
915.544.0100 Telephone
915.532.1759 Fax
tjoudi@scherrlegate.com

*Attorneys for Plaintiff*

EXHIBIT A

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back

Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2019DCV0730

| | | |
|---|---|---|
| Elisa Salcedo VS Albertson's LLC and Charles Levi Loucks | § <br> § <br> § <br> § <br> § | Case Type: **Other Injury or Damage** <br> Date Filed: **02/28/2019** <br> Location: **41st District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **Albertson's LLC** | **Karl Seelbach** <br> *Retained* <br> 512-960-4891(W) |
| **Defendant** | **Loucks, Charles Levi** | **Karl Seelbach** <br> *Retained* <br> 512-960-4891(W) |
| **Plaintiff** | **Salcedo, Elisa** | **Tiffany Nicole Joudi** <br> *Retained* <br> 915-544-0100(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 02/28/2019 | **Original Petition (OCA)** | **Doc ID# 1** |
| 02/28/2019 | **E-File Event Original Filing** | |
| 02/28/2019 | **Jury Demand** | **Doc ID# 2** |
| 02/28/2019 | **Request for Admissions** | **Doc ID# 3** |
| 02/28/2019 | **Request for Admissions** | **Doc ID# 4** |
| 02/28/2019 | **Interrogatories** | **Doc ID# 5** |
| 02/28/2019 | **Interrogatories** | **Doc ID# 6** |
| 02/28/2019 | **Request for Production** | **Doc ID# 7** |
| 02/28/2019 | **Request for Production** | **Doc ID# 8** |
| 04/11/2019 | **Citation** | |

|  | Albertson's LLC | Served | 04/15/2019 |
|---|---|---|---|
| | | Response Received | 05/17/2019 |
| | | Returned | 05/17/2019 |
| | Loucks, Charles Levi | Served | 04/23/2019 |
| | | Response Received | 05/17/2019 |
| | | Returned | 04/25/2019 |

| | | |
|---|---|---|
| 05/17/2019 | **Answer** | **Doc ID# 11** |
| 05/17/2019 | **Answer** | **Doc ID# 12** |

EXHIBIT A

El Paso County - 41st District Court                Filed 2/28/2019 10:30 AM
Case 3:19-cv-00137-FM   Document 1-2   Filed 05/21/19   Page 4 of 45
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV0730

IN THE COUNTY COURT AT LAW NUMBER \_\_\_\_\_

\_\_\_\_\_ JUDICIAL DISTRICT COURT

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ELISA SALCEDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2017-DCV_____ |
| | § | |
| ALBERTSON'S LLC, and | § | |
| CHARLES LEVI LOUCKS. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ELISA SALCEDO (hereinafter called "Plaintiff"), complaining of ALBERTSON'S LLC. (hereinafter called "Defendant ALBERTSON'S"), and CHARLES LEVI LOUCKS (hereinafter called "Defendant LOUCKS"), and for a cause of action would show the Court and/or Jury the following:

### I.    DISCOVERY

Pursuant to T.R.C.P. Rule 190, Plaintiff requests discovery in this case to be conducted in level III.

### II.    PARTIES

Plaintiff is a resident of El Paso County, Texas.

Defendant ALBERTSON'S LLC. is a Delaware corporation doing business in El Paso, Texas and may be served with process by serving its registered agent, CT CORPORATION SYSTEM, or any authorized officer or agent therein at 1999 Bryan St., Suite 900, Dallas, Texas 75201, and/or wherever may they may be found.

EXHIBIT A

CHARLES LEVI LOUCKS is a resident of El Paso County, Texas and may be served with process by serving him at 11320 Montwood Dr., El Paso, Texas 79936 or wherever he may be found.

### III.    FACTS

The injuries and damages suffered by Plaintiff made the basis of this action arose out of an incident that occurred on or about December 23, 2017, while in the course and scope of her employment with Defendant. Such incident occurred on the premises operated by Defendant located at 11320 Montwood Dr., El Paso, Texas 79936. While in the course and scope of her employment, Plaintiff got injured when she entered the freezer to retrieve some items from a shelf. As she reached, a heavy box of shrimp fell from the top shelf and hit her on the head. Said occurrence caused injuries to Plaintiff's head, neck, back, shoulders, and other parts of her body.

### IV.    NEGLIGENCE OF DEFENDANT ALBERTSON'S LLC

On or about December 23, 2017, Defendant was guilty of negligence in one or more of the following ways:

1. Failure to provide a reasonably safe environment for their workers in violation of Tex. Lab. Code §411.103;
2. Failure to inspect the premises for dangerous conditions;
3. Failure to correct dangerous conditions which Defendant knew of, or in the use of ordinary care, should have known otherwise;
4. Failure to warn invitees and licensees, including Plaintiff of dangerous conditions that Defendant knew, or in exercise of ordinary care, should have known existed;
5. Failure to establish and enforce safety rules and regulations;
6. Requiring Plaintiff to work in an unsafe area;
7. Failure to adequately train, educate, or provide instructions and orders to employees.
8. Negligent supervision;
9. Failure to keep the premises free from sacks and/or other objects on the floor;
10. Other acts of negligence.

One or more of the foregoing negligent acts and/or omissions, whether taken singularly or in combination whatsoever, was a proximate cause of Plaintiff's injuries and damages which are

EXHIBIT A

described below.

## V.NEGLIGENCE BY DEFENDANT CHARLES LEVI LOUCKS

Plaintiff alleges that the occurrence and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Defendant CHARLES LEVI LOUCKS in the course of his employment with Defendant ALBERTOSN'S LLC:

1. Failure to keep a proper lookout while stacking boxes;
2. Failure to warn Plaintiff of dangers;
3. Failure to use due care under the circumstances;
4. Failure to pay attention and stacking boxes incorrectly;
5. Other negligence.

Each act and omission is other than what a reasonable person would have done under the same or similar circumstances. As such, each negligent act and omission, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages described below.

## VI.    DEFENDANT ALBERSON'S LLC DUTY

Under Texas law, Defendant, had a non-delegable duty to provide a safe workplace to its employees. (See Tex. Lab. Code §411.103.)  Defendant failed to ensure a safe workplace for Plaintiff.  Defendant failed to become a subscriber under the Worker's Compensation Act of this State.

## VII.    NON-VALID/ UNENFORCEABLE ARBITRATION AGREEMENT

Plaintiff denies that a valid Arbitration agreement exists. Plaintiff would show that Defendant's alleged Arbitration agreement and Injury Plan, if any, are void and invalid for one or more of the following alternative reasons:

1. Defendant engaged in a pattern and practice of having employees sign Arbitration Agreements disguised as hiring documents.
2. The Federal Arbitration Act does not apply. *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed. 2d 234(2001).
3. The Arbitration and Plan is void in violation of Texas Administrative Code, Article

EXHIBIT A

16 §5; 182.

4. It is void in violation of Texas Labor Code §406.033(e) and 406.035.
5. Defendant engaged in fraud, fraud in the inducement and misrepresentation concerning the "Arbitration" and "Plan" documents.
6. The Arbitration and Plan is illusory.
7. The documents are procedurally and substantively unconscionable.
8. The documents were executed based on fraud in the inducement and under duress.
9. The documents are illegal, oppressive and violate Texas Arbitration Act § 171.002(a) (3).
10. Under the Texas Constitution, Plaintiff is entitled to a jury trial on these issues. Plaintiff requested a jury trial on issues of fraud, misrepresentation, and issues of consideration. The court cannot ignore this request.
11. Plaintiff had no understanding of this document.
12. The purported agreement violates the Tenth Amendment of the United States Constitution.
13. The Arbitration agreement is against public policy.

## VIII.    DAMAGES

As a direct result of the incident, Plaintiff suffered bodily injuries. As a further result of the incident, Plaintiff incurred expenses for medical care, attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs. Plaintiff has suffered loss of household duties and will continue to suffer loss of household duties in the future. Additionally, Plaintiff has suffered a loss of earning capacity in the past and will continue to suffer loss of earning capacity in the future. Plaintiff has suffered pain and suffering in the past and will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain, emotional distress, and anguish in the past and will continue to suffer mental pain, emotional distress, and anguish in the future. Plaintiff has suffered impairment and disfigurement in the past and will continue to suffer impairment and disfigurement to her body in the future.

EXHIBIT A

Plaintiff has suffered damages within the jurisdictional limits of this Court. Pursuant to T.R.C.P. 47, Plaintiff is required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet began and the extent of Plaintiff's future damages are still to be determined. At this early stage of the proceedings, Plaintiff request the jury to be fair and reasonable in its determination of actual damages in an amount over $200,000 but not more than $1,000,000.

## IX.    TRIAL EVIDENCE

Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendants' discovery answers and responses, including any documents and evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by TEX.R.CIV.P. 193.7.

## X.    REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Defendants are requested to disclose within the time period set forth in Tex. R. Civ. P. 194.3 the information or material described in Rule 194.2(a) - 194.2(l).

## XI.    RELIEF REQUESTED

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer, and on that on final trial, Plaintiff have judgment rendered against Defendants, for costs, pre-judgement and post judgement interest and for such other relief, general and special, at law or in equity, to which Plaintiff is justly entitled.

EXHIBIT A

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsímile)
TJoudi@ScherrLegate.com


_/s/ Tiffany N. Joudi_
**TIFFANY N. JOUDI**
State Bar No. 24065479

EXHIBIT A

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ELISA SALCEDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2019-DCV_____ |
| | § | |
| ALBERTSON'S LLC, and | § | |
| CHARLES LEVI LOUCKS. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT ALBERTSON'S LLC**

TO:    DEFENDANT ALBERTSON'S LLC.

Pursuant to the Texas Rules of Civil Procedure 198, you are required to make a written response to these requests **FIFTY ONE (51) DAYS** after service:

(1)  Admit the truth of any matter within the scope of discovery.

(2) Admit the truth of any statements of opinion or of fact or of application of law to fact.

(3) Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying.

(4) Admit or deny each of the attached requests for admissions.

You are also instructed as follows:

(1) You must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request.

(2) Your response must fairly meet the substance of the request.

(3) You may qualify an answer, or deny a request in part, only when good faith requires.

(4) Lack of information or knowledge is not a proper response unless you state that a

EXHIBIT A

reasonable inquiry was made but that the information or known or easily obtainable is insufficient to enable the responding party to admit or deny.

(5) An assertion that the request presents an issue for trial is not a proper response.

(6) You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order.

(7) If you deny a request for admission and the Plaintiff proves the truth of such matter you may be ordered to pay the cost of proof, including Plaintiff's attorneys.

(8) Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the imposition of sanctions.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsímile)
TJoudi@ScherrLegate.com

*/s/ Tiffany N. Joudi*
**TIFFANY N. JOUDI**
State Bar No. 24065479

EXHIBIT A

## <u>REQUEST FOR ADMISSIONS</u>

1. Admit or deny that on or about December 23, 2017, Plaintiff was injured while working within the course and scope of her employment.

2. Admit or deny that Plaintiff was an employee of Defendant.

3. Admit or deny that on December 23, 2017, Plaintiff was injured doing work for Defendant.

4. Admit or deny that Plaintiff was injured due to a dangerous condition that was on Defendant's premises.

5. Admit or deny that Defendant did not exercise reasonable care in reducing or eliminating any risk of harm to the Plaintiff.

6. Admit or deny that Defendant did have actual or constructive knowledge that there was an object or hazardous condition where Plaintiff was injured.

7. Admit or deny that the object or hazardous condition pose an unreasonable risk of harm to the Plaintiff or any other employee.

8. Admit or deny that Defendant's act and/or omissions were the sole proximate cause of the Plaintiff's occurrence and/or injuries.

9. Admit or deny that you know of witnesses to this incident.

10. Admit or deny that at the time of Plaintiff's incident, Defendant was not a subscriber under Texas Workers Compensation insurance to cover its employee's on the job injuries.

11. Admit or deny that Defendant failed to provide Plaintiff with a reasonable safe place of work.

12. Admit or deny that Defendant failed to keep a proper lookout for Plaintiff's safety.

13. Admit or deny that Defendant failed to inspect the premises for dangerous conditions.

14. Admit or deny that Defendant failed to correct dangerous conditions which Defendant knew of, or in exercise of ordinary care, should have known existed.

15. Admit or deny that Plaintiff made a report of the incident.

16. Admit or deny that Defendant would not make a report regarding what happened.

17. Admit or deny that Defendants did not investigate this incident.

18. Admit or deny that Defendants had cameras recording the store at the time of the incident.

EXHIBIT A

19. Admit or deny this is not the first time an employee has a similar incident.

20. Admit or deny Defendant knew the freezer was not stocked properly, and/or that the shelf was over stocked.

EXHIBIT A

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ELISA SALCEDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2017-DCV_____ |
| | § | |
| ALBERTSON'S LLC, and | § | |
| CHARLES LEVI LOUCKS. | § | |
| | § | |
| | § | |
| Defendants. | § | |

### **REQUEST FOR ADMISSIONS TO DEFENDANT CHARLES LEVI LOUCKS**

TO:    DEFENDANT CHARLES LEVI LOUCKS.

Pursuant to the Texas Rules of Civil Procedure, you are hereby requested to:

(1)  Admit or deny each of the attached requests for admissions.

(2)  In connection with the requests, make a written response, sign the same and deliver it to the attorney of record for the Plaintiff herein within 30 days after the date of service.

You are also instructed as follows:

(1)  If you do not admit the truth of the facts stated in a request for admission, you must specifically deny the same describing in detail the facts upon which YOU rely to deny same, or state that you cannot either admit or deny same, setting forth in detail the reasons why you cannot truthfully either admit or deny such statements of fact.

(2) Each matter for which an admission is requested shall be deemed admitted unless your response is served on the undersigned attorney during the period of time set forth above.  If you deny request for admission and the Plaintiff thereafter prove the truth of such matter, you may be ordered to pay the cost of proof, including Plaintiff's attorneys.

EXHIBIT A

(3)  Your failure to respond as required by the Federal Rules of Civil Procedure to these requests within the time required may result in the imposition of sanctions.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsímile)
TJoudi@ScherrLegate.com

*/s/ Tiffany N. Joudi*
**TIFFANY N. JOUDI**
State Bar No. 24065479

EXHIBIT A

## <u>REQUEST FOR ADMISSIONS</u>

1. On December 23, 2017 and at the time of the incident that made the basis of this suit, Plaintiff and you were employees at ALBERTSON'S LLC.

2. That on the date stated in Request No. 2, and at the time of the incident that made the basis of this suit, Plaintiff received injuries to head, neck, back, shoulders, and other parts of her body.

3. That on or about December 23, 2017 you were aware of the dangers of stacking up boxes in the freezer.

4. You saw the incident of Plaintiff happen.

5. You did not assist Plaintiff with retrieving items from the shelf.

6. You should have assisted Plaintiff retrieving items from the shelf.

EXHIBIT A

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ELISA SALCEDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2017-DCV_____ |
| | § | |
| ALBERTSON'S LLC, and | § | |
| CHARLES LEVI LOUCKS. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ALBERTSON'S
AND REQUEST FOR PRIVILGE LOG**

TO: DEFENDANT ALBERTSON'S LLC.

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified under oath by the persons making them as true and correct. You are to respond to these interrogatories **FIFTY ONE (51) DAYS** after service. If you object or assert a privilege in answering these Interrogatories, or any part thereof, you shall serve your objection upon Plaintiff in writing within **FIFTY ONE (51) DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rules of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiff will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure. Pursuant to Tex. R. Civ. P.

EXHIBIT A

196.4 you are requested to produce and reduce to printed form any information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

**PRIVILEGE LOG:**  Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done **FIFTY-ONE (51) DAYS** after date hereof.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsímile)
TJoudi@ScherrLegate.com

*/s/ Tiffany N. Joudi*
**TIFFANY N. JOUDI**
State Bar No. 24065479

EXHIBIT A

## **INTERROGATORIES**

1. Describe this Defendant and the property in question. Please include information on the State of Incorporation, if any, and date of incorporation.

2. Please describe how Plaintiff's occurrence happened, giving all events in detail in the order in which they occurred, before, at the time of, of after the occurrence, which had any bearing on the cause and manner of the happening of the occurrence. In addition, please state in detail each act or omission by each person which you contend contributed to cause the allege incident.

3. State the name, phone number, job title, job duties, and license of each employee of Defendants in the area of the incident at the time of the incident and what each was doing within twenty (20) minutes of this incident.

4. Please state what precautions, if any, were taken by you or any agent or employee of the Defendant, on the date of, prior to, and after the incident, to prevent injuries to users and invitees of the premises where the incident occurred.

5. Please state whether and what assistance was rendered to the Plaintiff immediately after the Plaintiff's alleged occurrence, particularly with regard to the physical condition of the Plaintiff (any obvious signs of bleeding, bruises, cuts or other physical injury), the emotional and mental condition of the Plaintiff (crying, talking, complaining of pain or otherwise mentally disturbed), and the appearance of the Plaintiff's clothing (disarranged, torn, dirty or otherwise).

6. Describe any condition, defect, or object in the area/location which caused Plaintiff's injuries including the full and complete details as to how the sack got there and who was the responsible to guard or remove it.

7. Prior to the alleged occurrence, state whether you or any agent or employee of yours had any knowledge of the existence of any condition in the area where Plaintiff's alleged occurrence happened that caused injury to someone else, including how you or any agent or employee of yours acquired such knowledge and how long the condition or defect had been present prior to the occurrence.

8. Describe any examination or inspection made by you or any agent or employee of yours, of the place or area where the Plaintiff alleges that the occurrence happened prior to the alleged occurrence, including the date and time of the day of such examination or inspection, the identification, including the name and address of the person or persons making such examination or inspection, the complete details of what such examination or inspection consisted, the complete details of what such examination or inspection revealed or showed, and the complete details of each and every act or activity done or undertaken by your or any agent or employee of the Defendants as a result of any condition or circumstance disclosed by such examination.

EXHIBIT A

9. Please state fully what arrangements Defendant had for use, instruction and the maintenance of the area at the time of the alleged incident.

10. Please give the substance of any and all conversations, communications or statement made by or between the Plaintiff and you or any agent or employee of Defendant relative to the incident.

11. State the name, address, phone number and qualifications of each expert, who has been retained or specially employed by you in anticipation of litigation or preparation for trial and who is not expected to be called as a witness for trial upon whom your testifying expert or any witness reviewed or relied upon, the subject matter on which such expert is provided, the substance of the facts and opinions held by the expert and a summary of the grounds for each opinion.

12. Please give the name and address of anyone (except an expert who will not testify at trial) who took or prepared the following photographs or videotapes that you possess or control, your attorney possesses or controls, or any agent of you or your attorney possesses or controls:

    a. Photographs, videotapes, or recordings showing  any injury alleged to have been caused by the incident mentioned in request No. 1; and
    b. Photographs or videotapes showing the Plaintiff;
    c. State the number of photographs taken;
    d. State the date each photograph was taken;
    e. State the name, address, and phone number of persons conducting any type of surveillance on Plaintiff.

13. For each notice, complaint, or claim where it was alleged that an employee of Defendant was injured in the last five years at this location because they tripped or fell over a ack or similar item, describe:

    a. The name, address, and phone number of the custodian of all incident reports, accident reports, investigative files, the circumstances concerning the injury, findings, judgments, and settlements thereon;
    b. The name and address of the employee;
    c. The date of such injury or incident;
    d. Style and location of the lawsuit claim;
    e. Name and address of the employee's attorney;
    f. Nature of employee's injuries; and
    g. The basis upon which you denied responsibility.

14. Did Plaintiff sustain an injury on the date set forth in Plaintiff's Petition while in the course and scope of her employment for the employer? If not, state in detail each fact on which Defendant denies that Plaintiff sustained an injury.

EXHIBIT A

15. When did Plaintiff's employer or supervisory personnel first have knowledge or become aware that Plaintiff sustained or was stating that she sustained an injury?

16. Please list any time that you have been cited or given any type of written or oral warning for violations of any federal, state or local laws within the last five years. Please include a detail list of the violation and when it occurred.

17. Describe in detail any complaint by employees or corporate regarding the area where the incident occurred.

18. What was Plaintiff's job title or classification on the date of the alleged injury? Describe Plaintiff's job responsibilities. State whether Plaintiff's work before and after the above date was considered satisfactory by the employer and by supervisory personnel. If not, state each reason why Plaintiff's work was not considered satisfactory.

19. Does Defendant contend that Plaintiff's injuries were solely caused or partially caused by injury, disease, or bodily conditions or any combination thereof, occurring either before or after the accidental injury made the basis of this suit?

    a.  If so, state fully each of the conditions that Defendant contends constitute the sole or partial cause of Plaintiff's injury and the extent of its contribution to Plaintiff's present condition.

    b.  If so, state the approximate date that Defendant contends each such condition first occurred and the cause thereof.

    c.  If so, state the name, address and phone number of each doctor upon whom you rely for this information and the dates of examination.

20. Identify the name(s) of any other employees that have been injured by falling boxes or objects in the past 5 years.

21. Identify the name(s) of the employee(s) that are in charge of stocking the freezer.

EXHIBIT A

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ELISA SALCEDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2017-DCV_____ |
| | § | |
| ALBERTSON'S LLC, and | § | |
| CHARLES LEVI LOUCKS. | § | |
| | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT CHARLES LEVI LOUCKS AND PRIVILEGE LOG

TO:     DEFENDANT CHARLES LEVI LOUCKS.

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified under oath by the persons making them as true and correct. You are to respond to these interrogatories **FIFTY ONE (51) DAYS** after service. If you object or assert a privilege in answering these Interrogatories, or any part thereof, you shall serve your objection upon Plaintiff in writing within **FIFTY ONE (51) DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rules of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiff will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure. Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form any information that exists in

*Page 1 of 3*

EXHIBIT A

electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

<u>**PRIVILEGE LOG:**</u>  Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done **FIFTY-ONE (51) DAYS** after date hereof.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsímile)
TJoudi@ScherrLegate.com

*/s/ Tiffany N. Joudi*
**TIFFANY N. JOUDI**
State Bar No. 24065479

EXHIBIT A

## **INTERROGATORIES**

1.      Please describe how each of Plaintiff's occurrences happened, giving all events in detail in the order in which they occurred, and the acts of omissions of each person, firm or entity you claim is negligent herein.

2.      Please state what precautions, if any, were taken by you, on the date of, prior to, and after the date of Plaintiff's occurrences, to prevent injuries when stacking boxes in the freezer.

3.      Please state whether and what assistance was rendered to Plaintiff immediately after Plaintiff's occurrences, particularly with regard to the physical condition of Plaintiff (any obvious signs of bleeding, bruises, cuts or other physical injury), the emotional and mental condition of Plaintiff (crying, talking, complaining of pain or otherwise mentally disturbed), and the appearance of Plaintiff's clothing (disarranged, torn, dirty or otherwise).

4.      Prior to the occurrences, state whether you or any agent or employee of yours had any knowledge of the existence of any condition in or on the equipment or premises where Plaintiff's occurrences happened, including how you or any agent or employee of yours acquired such knowledge and how long the condition or defect had been present prior to the occurrences.

5.      Please state in detail each act or omission by each person which you contend contributed to cause the occurrences.

6.      Please give the substance of any and all conversations, communications or statement made by you relative to the occurrences.

7.      Please give the name and address of anyone (except an expert who will not testify at trial) who took or prepared the following photographs or videotapes that you possess or control, your attorney possesses or controls, or any agent of you or your attorney possesses or controls:

    a.    Photographs or video recordings showing any injury to have been caused by the incident mentioned in the complaint; and
          Photographs or video recordings showing Plaintiff;
    b.    State the number of photographs taken.
    c.    State the date when each photograph was taken.
    d.    State the name, address and phone number of person conducting any type of surveillance of Plaintiff.

8.      Please described what you were doing when the incident with Plaintiff occurred.

9.      Please described your job duties during the time of incident.

10.     Please described what you did when Plaintiff got injured.

*Page 3 of 3*

EXHIBIT A

El Paso County - 41st District Court                     Filed 2/28/2019 3:14 PM
Case 3:19-cv-00137-FM   Document 1-2   Filed 05/21/19   Page 25 of 45
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV0730

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ELISA SALCEDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2019-DCV_____ |
| | § | |
| ALBERTSON'S LLC, and | § | |
| CHARLES LEVI LOUCKS. | § | |
| | § | |
| | § | |
| Defendants. | § | |

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT ALBERTSON'S  AND PRIVILEGE LOG

TO: DEFENDANT ALBERTSON'S LLC.

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action.  Furthermore pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and/or control by **10:00 a.m. FIFTY-ONE (51) DAYS AFTER SERVICE AT:**

**SCHERR & LEGATE, PLLC.**
109 N. Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted.

1

EXHIBIT A

Further, all documents and tangible things must be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request, "as provided in Texas Rule of Civil Procedure 196.3(c).

Further you are hereby required to respond and supplement this Request as mandated by Rule 193.  If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiff will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

EXHIBIT A

You are hereby put on notice to produce to Plaintiff pursuant to Tex. R. Evidence 609 all evidence of any witness listed.

**PRIVILEGE LOG:**  Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done **FIFTY-ONE (51) DAYS** after date hereof.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsímile)
TJoudi@ScherrLegate.com

*/s/ Tiffany N. Joudi*
**TIFFANY N. JOUDI**
State Bar No. 24065479

EXHIBIT A

## ITEMS TO BE PRODUCED

1. Copies of any documents evidencing the agreement between occupier, possessor, person in control of the premises and owner.

2. The names, addresses, and phone numbers of all owners of the building and real estate comprising the location in question.

3. Inspection and photographing of the premises that made the subject of this suit.

4. Personnel file of Plaintiff.

5. Any Safety Manual and/or Operations Manual relating to operations and safety.

6. Any claim files involving claims against the Defendant for a period of five (5) years prior to this incident resulting from the alleged negligence of Defendant in failing to provide safe premises.

7. All checks and payments made by Defendant or any other party to Plaintiff on behalf of Plaintiff's injury.

8. Produce all relevant documents and tangible items relating to the incident which made subject to this suit.

9. Photographs and video recordings of the area where the Plaintiff was injured taken on the date of the incident.

10. Any statement, report, correspondence or records made by Defendant, Plaintiff or any other person, its employees, agents, servants, or representatives of such parties, or any other company involving the claim made the subject of this suit, whether written or oral.

11. Identification of a designated representative from Defendant to discuss any safety studies, or programs for keeping the area where Plaintiff got injured safe. Particularly, keeping the area free from sacks and/or other objects on the floor.

12. All estimates, work orders, invoices, contracts, inspection reports, pictures, statements by witnesses (oral and/or recorded) concerning the incident.

13. All photos showing warning signs where Plaintiff was injured.

14. List of employees on duty on the date of the incident and the 48 hours prior to the date of the incident, which include all employees with access to the freezer and freezer area.

15. The entire claim file of Defendant's insurance company, its agents, adjusters or employees, pertaining to any investigation of the occurrence made the basis of Plaintiff's claim which were generated prior to your receipt of notice from Plaintiff's attorney that Plaintiff was

EXHIBIT A

making a claim.

16. Any documents showing the names, addresses and phone number of all persons with knowledge of relevant facts regarding any matter in any way related to the Plaintiff or to issues involved in this lawsuit.

17. Any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind from any expert witness who will testify in this case or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert.  If the discoverable factual observations, test, supporting data, calculations, photographs or opinions of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

18. Any statement, telephone conversation, or other communications regarding Plaintiff or this incident.

19. All medical records of Plaintiff received by Defendant.

20. Any documents which reflect the name, address, and phone number of each employee, agent or representative of Defendant on this premises at the time of the occurrence made subject of this suit.

21. Any documents which reflect the name, address, and phone number of the owner and operator of the premises made subject of this suit.

22. All notices, citations, letters, demands, applications, court orders, findings and other tangible items from or to any governmental entity concerning the area's conditions, building code violations, health department violations and citations, OSHA notices, safety violations and other condition or improvements for this facility.

23. The accident report made by the Plaintiff.

24. All investigation reports, incident reports, accident reports, pleadings, depositions, releases or judgments statements and any witnesses concerning any other premises liability injury claims against this Defendant in El Paso, Texas. Include the name, address and phone number of each claimant and their attorney, the date of claim, your position on each claim and the ultimate disposition of the claim.

25. Any documents showing the names, address, qualifications and phone number of all expert witness who you will call to testify or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert.  Produce any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind from any expert witness who will testify in this case or whose work product forms a basis either in whole or in part of the

5

EXHIBIT A

opinion of an expert who is to be called as an expert.  If the discoverable factual observations, test, supporting data, calculations, photographs or opinion of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

26. Copy of all complaints and or reports submitted to Defendant, its agents, servers, or employees regarding sacks and/or other objects left on the floor.

27. Copy of all reports where someone was injured as a result of Defendant's negligence from January 1, 2012 through the current date.

28. Any reports, assessments, reviews, and inspections of Defendant's premises by corporate.

29. Any corporate findings, including but not limited to recommendations, reports, grades, and discipline.

30. All OSHA Form 200 and 300 reports for the year Plaintiff's injury and two (2) years prior thereto.

31. Any safety meeting minutes for the store in question regarding the proper stocking of merchandise and/or boxes in the freezer.

32. All notices, citations, letters, demands, applications, court orders, findings and other tangible items from or to any governmental entity concerning the job, the equipment, area, work conditions, OSHA notices and safety violations for the site in question.

33. Any video recordings, movies, pictures, photographs or other tangible evidence depicting the scenes, the incidents or locations made the subject of this suit.

34. Your entire claim file pertaining to any investigation of the occurrences made the basis of this case which were taken prior to your notice of Plaintiff's claim hereon.

35. Any documents showing the acts or omissions of any party responsible in any way for the injuries to Plaintiff.

36. Pursuant to Texas Rules of Evidence 609, please provide any documents or other information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude.  Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

EXHIBIT A

**PURSUANT TO TEX. R. EVID. 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

37. A copy of any documents given to you by Plaintiff after the incident but prior to the lawsuit being filed.

EXHIBIT A

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ELISA SALCEDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2019-DCV_____ |
| | § | |
| ALBERTSON'S LLC, and | § | |
| CHARLES LEVI LOUCKS. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS TO DEFENDANT AND PRIVILEGE LOG**

TO:    DEFENDANT CHARLES LEVI LOUCKS.

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action.  Furthermore pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and/or control by **10:00 a.m. FIFTY-ONE (51) DAYS AFTER SERVICE AT:**

**SCHERR & LEGATE, PLLC.**
109 N. Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted.

EXHIBIT A

Further, all documents and tangible things must be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request," as provided in Texas Rule of Civil Procedure 196.3(c).

Further you are hereby required to respond and supplement this Request as mandated by Rule 193.  If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiff will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

EXHIBIT A

You are hereby put on notice to produce to Plaintiff pursuant to Tex. R. Evidence 609 all evidence of any witness listed.

**PRIVILEGE LOG:**  Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done **FIFTY-ONE (51) DAYS** after date hereof.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsímile)
TJoudi@ScherrLegate.com

*/s/ Tiffany N. Joudi*
**TIFFANY N. JOUDI**
State Bar No. 24065479

EXHIBIT A

## **ITEMS TO BE PRODUCED**

1.      Your personnel file. A personnel file includes all matters about the employee. For example, application, disciplinary actions, termination dates or letters, complaints, etc.

2.      Any reports you were involved in creating, compiling, authorizing, certifying, or reviewing regarding the incident.

4.      All statements made by Plaintiff to you regarding the incident, either oral or recorded.

5.      All investigation reports, incident reports, statements by witnesses (oral or recorded) concerning the incident made the subject of this suit which were made prior to anticipation of litigation.

6.      Copies of the front and back of any current driver's license, identification cards and/or any other licenses issued by any state or governmental entity.

7.      Any union contracts or other contracts concerning you, and/or ALBERTSON'S LLC.

8.      Any indictments, convictions, charges and findings on any criminal charge made against you with in the last 10 years.

9.      Any and all documents reflecting any disciplinary action taken against you, as a result of this incident.

10.     Any documents or other tangible items showing the acts or omissions of any party responsible in any way for the injuries to Plaintiff.

11.     Any and all posts on social media (Facebook, Twitter, Instagram, LinkedIn, Snapchat, etc.) made on the date of the incident, and/or regarding this incident. Social media refers to social interaction using technology (internet, cellular phones) with any combination of words, pictures, video, or audio.

12.     Any documents showing the names, addresses, qualifications and telephone numbers of all expert witnesses who you will call to testify or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert. Produce any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind from any expert witness who will testify in this case or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert. If the discoverable factual observations, test, supporting data, calculations, photographs or opinion of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

13.     Any manual, procedure or brochure concerning training, supervision, and instruction on stacking boxes in the freezer.

EXHIBIT A

14.    Any rule, regulation, policy or manual concerning stacking boxes and box retrievals.

15.    Your work schedule, daily tasks, and other documents regarding the work you were preforming on the date of the incident.

16.    Any rules or regulations on stacking boxes and box retrievals.

17.    Any photographs and videotapes of any surveillance of Plaintiff.

18.    Pursuant to Texas Rules of Evidence 609, please provide any documents or other information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

**PURSUANT TO TEXAS RULES OF EVIDENCE 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

19.    Any and all "complete" surveillance video of the Plaintiff.

20.    Any photos/videos Defendant has regarding this incident.

EXHIBIT A

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ELISA SALCEDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2019-DCV_____ |
| | § | |
| ALBERTSON'S LLC, and | § | |
| CHARLES LEVI LOUCKS. | § | |
| | § | |
| | § | |
| Defendants. | § | |

## JURY REQUEST

On this the 28th day of February 2019, the Plaintiff having demanded a jury, it is hereby ordered that the above styled and numbered cause be placed upon the jury docket on payment of the jury fee herein.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorney for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsímile)
TJoudi@ScherrLegate.com

*/s/ Tiffany N. Joudi*
**TIFFANY N. JOUDI**
State Bar No. 24065479

EXHIBIT A

ISSUED BUT NOT
PREPARED BY CLERK

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **CHARLES LOUCKS** may be served with process by serving him at 11320 Montwood Drive, El Paso, Texas 79936, or wherever he may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request

for Disclosure at or before ten o'clock A.M. of the Monday after the expiration of twenty days after the date of service

of this citation before the Honorable **41st Judicial District Court,** El Paso County, Texas, at the Court House of said

County in El Paso, Texas.

Said Plaintiff's Original Petition and Request for Disclosure was filed in said court on February 28, 2019, by

Attorney at Law, TIFFANY N. JOUDI, 109 NORTH OREGON, 12TH FLOOR, EL PASO, TEXAS 79901 in this case

numbered **2019DCV0730** on the docket of said court, and style:

**ELISA SALCEDO**
**VS**
**ALBERTSON'S LLC, and CHARLES LOUCKS**

The nature of Plaintiff's demand is fully in shown by a true and correct copy of Plaintiff's Original Petition and Request for Disclosure, Jury Request, First Request for Production of Documents and Things to Defendant and Privilege Log, and Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, and Request for Admissions accompanying this citation and made a part thereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this _____ day of _____, 20 ___.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio, RM 103
El Paso, Texas 79901



Attest: NORMA FAVELA BARCELEAU District Clerk
EL PASO County, Texas

By: _____, Deputy

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed there on and with a copy of the petition attached thereto."

# EXHIBIT A

**IN THE 41ST JUDICIAL DISTRICT
EL PASO COUNTY, TEXAS**

**CAUSE NO. 2019DCV0730**

**ELISA SALCEDO
VS
ALBERTSON'S LLC, AND CHARLES LOUCKS**

# RETURN

Came to my hand:     04/12/2019     , at     2:33     o'clock     P.M.

- **Citation**
- **Plaintiff's Original Petition and Request for Disclosure**
- **Jury Request**
- **Plaintiff's First Set of Interrogatories to Defendant Albertson's and Request for Privilege Log**
- **First Request for Production of Documents and Things to Defendant Albertson's and Privilege Log**
- **Plaintiff's Request for Admissions to Defendant Albertson's LLC**

Executed by me on:     04/15/2019     , at     3:07     o'clock     P.M.

at 1999 BRYAN ST, SUITE 900, DALLAS, TX 75201, within the county of DALLAS, by delivering to ALBERTSON'S, LLC., by delivering to its registered agent, CT CORPORATION SYSTEM, by delivering to,Kim Hightower_, employee/managing agent, in person, at true copy of the above specified documents having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit and I declare under penalty of perjury that the foregoing is true and correct .

By: (print name) Tony Glenn Hitt
PSC NO:  11703
Expiration Date: 11/30/2020
ASSURED CIVIL PROCESS AGENCY
5926 Balcones Dr. Ste. 290, Austin, TX 78731

E

**STATE OF TEXAS     }**

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her  personal knowledge and experience to be true and correct.  Given under my hand and seal of office on this the 23 day of _April_ , 2019



KENZI MICHELS
Notary Public, State of Texas
Comm. Expires 11-03-2021
Notary ID 131340547

Notary Public

EXHIBIT A

**ISSUED BUT NOT
PREPARED BY CLERK**

THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **ALBERTSON'S LLC** may be served with process by serving its registered Agent CT CORPORATION SYSTEM, or any other agent therein at 1999 Bryan St., Suite 900, Dallas, Texas 75201, or wherever may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request

for Disclosure at or before ten o'clock A.M. of the Monday after the expiration of twenty days after the date of service

of this citation before the Honorable **41st Judicial District Court**, El Paso County, Texas, at the Court House of said

County in El Paso, Texas.

Said Plaintiff's Original Petition and Request for Disclosure was filed in said court on February 28, 2019, by

Attorney at Law, TIFFANY N. JOUDI, 109 NORTH OREGON, 12TH FLOOR, EL PASO, TEXAS 79901 in this case

numbered **2019DCV0730** on the docket of said court, and style:

**ELISA SALCEDO**
**VS**
**ALBERTSON'S LLC, and CHARLES LOUCKS**

The nature of Plaintiff's demand is fully in shown by a true and correct copy of Plaintiff's Original Petition and Request for Disclosure, Jury Request, First Request for Production of Documents and Things to Defendant and Privilege Log, and Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, and Request for Admissions accompanying this citation and made a part thereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this 11th day of
April         , 20 19 .

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio, RM 103
El Paso, Texas 79901

Attest: NORMA FAVELA BARCELEAU District Clerk
EL Paso County, Texas

By: _____ , Deputy

Rule 106: "-the citation shall be served by the officer delivering to each Defendant, in person, a true copy of the citation with the date of delivery endorsed there on and with a copy of the petition attached thereto."

EXHIBIT A

CTH: 4/12/19 @ 2:5..

CAUSE NO. 2019DCV0730

| | | |
|---|---|---|
| ELISA SALCEDO, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | OF EL PASO COUNTY, TEXAS |
| | § | |
| ALBERTSON'S LLC, AND | § | |
| CHARLES LEVI LOUCKS, | § | |
| *Defendant*. | § | 41ST JUDICIAL DISTRICT |

## **DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Albertson's LLC and Charles Levi Loucks ("Defendants") hereby submit their Original Answer and Affirmative Defenses to Plaintiff's Original Petition and would show as follows:

### **GENERAL DENIAL**

1.     Without waiving any other defenses Defendants may have or hereafter come to have or urge, Defendants generally deny each and every material allegation in Plaintiff's Original Petition (and all subsequent amended and supplemental Petitions filed herein) pursuant to Rule 92 of the Texas Rules of Civil Procedure and demand strict proof thereof by a preponderance of the evidence or by clear and convincing evidence as the law requires.

### **CLAIMS SUBJECT TO ARBITRATION AGREEMENT**

2.     In filing Defendants' Original Answer and Affirmative Defenses, Defendants do not waive their contractual right to arbitration. The claims asserted in Plaintiff's Original Petition are subject to a binding arbitration agreement and, in fact, Defendant Albertson's LLC previously invoked its right to arbitration before this state court lawsuit was even filed by submitting a demand with the American

EXHIBIT A

Arbitration Association on February 22, 2019 in arbitration case No. 01-19-0000-6097 styled *Elisa Salcedo v. Albertsons*. Defendants re-assert their right to arbitration in this pleading.

## AFFIRMATIVE DEFENSES

Without conceding the following are affirmative defenses for which Defendants bear the burden of proof, Defendants assert that:

3.      Defendant Charles Levi Loucks is not liable in the capacity in which he has been sued and is not a proper party to this lawsuit. Defendant Loucks is not individually liable for Plaintiff's claims at all. Plaintiff has intentionally, improperly named Loucks in an effort to defeat federal diversity jurisdiction.

4.      Plaintiff was in the normal course of routine employment matters at the time of her alleged injury, if any, and was not foreseeable to Defendants.

5.      Plaintiff was injured, if at all, while performing the same character of work that she had always done, which was not unusually precarious.

6.      Plaintiff was injured, if at all, after receiving proper training.

7.      Defendant Albertson's, LLC provided help or made help available, but Plaintiff voluntarily proceeded to do the work without assistance.

8.      Any supposed hazard at issue in the incident was open and obvious. Defendants owed no duty to Plaintiff.

9.      Plaintiff's acts and omissions under all the attendant circumstances were the sole proximate cause of injuries or damage alleged to have been sustained by Plaintiff.

EXHIBIT A

10.     As a result of her claimed accident and injuries, Plaintiff may have received medical and/or other benefits from Defendant Albertson's, LLC's self-funded occupational injury ERISA plan. Defendant Albertson's, LLC, on behalf of its plan, is entitled to reimbursement of the costs of the benefits, if any, provided to Plaintiff in the unlikely event Plaintiff recovers monetary damages from Defendant Albertson's, LLC in connection with her claim.

11.     To the extent Plaintiff seeks punitive or exemplary damages, Defendants rely upon the limitations and other provisions of Chapter 41 of the Texas Civil Practice & Remedies Code.

12.     Any award of pre-judgment interest for damages that have not yet accrued would violate Defendants' rights to substantive and procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Sections 14, 16, and 19 of the Texas Constitution.

13.     Defendants plead further that any recovery of medical expenses or health care expenses allegedly incurred by Plaintiff, is limited to the amount actually paid or incurred by or on behalf of Plaintiff, if any, pursuant to Tex. Civ. Prac. & Rem. Code §41.0105.   Defendants respectfully request that Plaintiff's award, if any, be computed in accordance with the language of Section 41.0105 of the Texas Civil Practice and Remedies Code.   Defendants also request that Plaintiff prove (1) that reasonable and necessary medical or healthcare expenses do exist, (2) what part of the medical or healthcare expenses have actually been paid or for

EXHIBIT A

which Plaintiff remains liable; and (3) that the medical or healthcare expenses claimed resulted from conduct of Defendants.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing by her suit, that Defendants be dismissed from this action, awarded court costs and for such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

By:   **/s/ Karl Seelbach**
Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com

Trek Doyle
State Bar No. 00790608
trek@doyleseelbach.com

Jasmine Harding
State Bar No. 24101865
jasmine@doyleseelbach.com

Doyle & Seelbach PLLC
7700 W. Highway 71, Suite 250
Austin, Texas 78735
512.960.4890 phone
doyleseelbach.com

*ATTORNEYS FOR DEFENDANT*



EXHIBIT A

## <u>CERTIFICATE OF SERVICE</u>

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by fax and electronic delivery to counsel identified below on this, the 17th day of May 2019.

Tiffany N. Joudi
Scherr & Legate, PLLC
109 North Oregon, 12th Floor
El Paso, TX 79901
915.544.0100 Telephone
915.532.1759 Fax
<u>tjoudi@scherrlegate.com</u>

*Attorneys for Plaintiff*

EXHIBIT A